S. F. CHILLINGWORTH *et al. vs.* W. M. LINDSEY *et al.*

IN EQUITY. BEFORE PRESTON, J.

APRIL, 1888.

A devise by a husband to his wife of all his property, to go to their children at her death, held not to come within the Rule in Shelley's Case, and to give the wife only a life estate.

DECISION OF PRESTON, J.

This is a bill whereby the plaintiffs seek for a construction of the will of George Kynaston Lindsey.

The will contains the following devise: "First. After the payment of all my just debts, I give and bequeath unto my beloved wife, Mary Lindsey, all of my real and personal

property, whatever it may consist of, with the proviso that at her death said property shall then be equally divided among our lawful children (heirs), to share and share alike."

On behalf of the defendants William M. Lindsey, E. R. Lindsey and J. E. Lindsey, it is contended that this devise, under the "Rule in *Shelley's Case*," gave an estate in fee to Mrs. Lindsey.

The rule referred to: "Where the ancestor takes an estate of freehold and in the same gift or conveyance an estate is limited, either mediately or immediately to his heirs, or the heirs of his body, the word 'heirs' is a word of limitation and not of purchase; so that the ancestor takes the whole estate comprised in the term, that is to say, in the first case an estate in fee simple, in the second an estate in fee tail."

I am of opinion that the rule does not apply in this case; the limitation is not to the heirs of the ancestor (Mrs. Lindsey), but to the children of the testator and of the ancestor, and comes within *North vs. Martin*, 6 Sim., referred to in Tudor's Leading Cases in Real Property and Conveyancing, etc., p. 614, where the word heirs was construed to mean children, and so to take it out of the operation of the rule.

I therefore declare that Mrs. Lindsey took an estate for life only in the property.

*P. Neumann,* for plaintiffs.

*Monsarrat, Kinney, Whiting* and *Achi,* for the various defendants.

Honolulu, April 21, 1880.